W. C. LAMBERT, et ux., Plaintiff in Error, v. MAHAN-KERR MOTOR COMPANY, Defendant in Error.

Eastern Section. June 10, 1932.

Petition for Certiorari denied by Supreme Court October 17, 1932.

540

J. R. Nichols and Bowen & Bowen, both of Knoxville, for plaintiff in error.

Ayres, Broughton & Parkey, of Knoxville, for defendant in error.

SENTER, J.   These are two suits heard and tried on the same evidence before the Judge of the Second Circuit Court of Knox County, Tennessee, without the intervention of a jury.   The two suits originated in a Justice of the Peace Court in Knox County; one suit by the Mahan-Kerr Motor Company against Walter Lambert and wife, Lena Lambert, to recover a deficiency judgment with interest and attorneys fees for an automobile sold under a conditional sales contract, after the automobile had been repossessed and resold, and the proceeds applied to the conditional sales contract.   The other suit was by Walter Lambert against the Mahan-Kerr Motor Company to recover the sum of $207, the amount alleged to have been paid by Lambert to the Mahan-Kerr Motor Company in the purchase of the automobile, which was subsequently repossessed by replevin by the conditional vendor, and alleged not to have been advertised and sold as provided by the conditional sales law.

The Justice of the Peace before whom the two cases were tried rendered judgment in favor of Walter Lambert in the sum of $207, the amount alleged to have been paid by Lambert in the purchase of the car, and dismissed the suit of Mahan-Kerr Motor Company. On appeal by Mahan-Kerr Motor Company to the Circuit Court of Knox County, where the cases were tried before the Circuit Judge without a jury, the two cases having been heard together and on the same evidence, the learned trial judge rendered judgment in favor of Mahan-Kerr Motor Company and against the defendants, Lambert and wife, for the sum of $163.87, the amount of the balance due on

the conditional sales contract, with the attorneys fees as provided in the face of the contract included, and dismissed the suit of Lambert against Mahan-Kerr Motor Company at the cost of Lambert. From the judgment of the court in the respective cases, Lambert and wife have appealed to this court in the nature of a writ of error and have assigned errors, motion for a new trial having been overruled by the court.

By the first assignment of error it is contended that the court erred in permitting the witness, Joe Goolsby, to testify that the places at which he posted the notices of sale were public places.

This witness testified by deposition, and we do not find that any exceptions were preserved to the statement made by the witness with reference to the places where the notices were posted being public places. This witness testified that he was in the employ of Mahan-Kerr Motor Company, and that he posted three notices advertising the sale of the automobile in question; that he posted one of the notices on the bulletin board at the entrance of the Court House in Knox County; one on State Street on the door of C. B. Atkins furniture house, and one on the inside of the window of Mahan-Kerr Motor Company, right by the side of the entrance door. On this subject the witness testified, after having made a general statement as to where the notices were posted by him, as follows:

"Q. Did you post three notices on this Lambert car? A. Yes, sir.

"Q. And you posted one you say, at the front door of the Court House? A. Yes, sir.

"Q. On the bulletin board that is provided for that purpose? A. Yes, sir.

"Q. That is the north door of the court house? A. Yes, sir.

"Q. That is in Knox County and in the city of Knoxville? A. Yes, sir.

"Q. And the public could see it passing along that street there? A. Yes, sir.

"Q. C. B. Atkins' place you are talking about, you say is on State Street? A. Yes, sir.

"Q. That is in Knoxville, Knox County, Tennessee? A. Yes, near the corner of Cumberland.

"Q. You say you posted one at the window of Mahan-Kerr? A. Yes, sir.

"Q. Is that a public place? A. Very public.

"Q. Anybody passing along can see it, can they? A. Yes, sir, even from the far side they can see it.

"Q. It is right next to the south side of Cumberland, the sidewalk on the south side of Cumberland? A. Yes, sir.

"Q. And inside the window? A. Yes, sir, on the glass.

"Q. Plainly visible? A. Yes, sir.

"Q. Was that in Knoxville, Knox County, Tennessee? A. Yes, sir.

"Q. Are those three places you mentioned public places? A. Yes, sir, public places."

No objection was made to this evidence, either on the ground that it was leading, or that it was an expression of an opinion, or a conclusion as to its being a public place. The witness stated the location of the three notices, and the streets and buildings where the notices were posted in the city of Knoxville, Tennessee. It is also contended that the witness did not state that the Court House in Knox County and in Knoxville, was in the State of Tennessee, and appellant invokes the rule and the holdings of this court and the Supreme Court that the Conditional Sales Law shall be strictly construed, and strictly complied with by the conditional vendor in the matter of advertising and selling repossessed property. Both this court and the Supreme Court of this state have repeatedly held that the conditional vendor must comply strictly with the provisions of the Conditional Sales Law in advertising and selling repossessed property under a conditional sales contract, and no presumptions will be indulged as to the regularity and specific compliance with the law in posting the notices and in making the sale. However, we are of the opinion that the proof shows that the notices of sale were posted in full compliance with the provisions of the Conditional Sales Law.

By other assignments of error it is contended that the evidence preponderates against the judgment of the court, both as to the manner of posting the notices and as to the alleged sale. According to the evidence of the witnesses for appellee, the automobile was sold at the time and place as advertised to the highest and best bidder for cash, and that Mr. Anderson, who was in the employ of appellee, bid in the automobile at the price of $75. According to appellee's evidence, the sale occurred at 10:00 o'clock A. M., June 19, 1931, in the drive-in of the place of business of appellee, in the city of Knoxville, and a few feet from where the notice of sale was posted on the inside of the window; the automobile was brought down by elevator from the third floor to the drive-in space leading from the street into the garage, where the sale was duly cried and the automobile regularly sold to the highest and best bidder. The only evidence introduced by appellant on this subject was the attorney for appellant, and another lawyer who went with appellant's attorney to appellee's place of business on the morning that the sale was advertised to occur; that he reached the place of business at a few minutes before 10 o'clock, and remained there until a few minutes after 10 o'clock. Both these two witnesses testified that they were in the used car department and looked for the automobile in that department in a room on the first floor, and did not see the automobile,

and did not see a sale made of it, and did not hear the sale. This evidence was purely negative, and is not sufficient to disprove the positive evidence of appellee by two witnesses who testify positively that the sale did occur at the time and place as advertised.

By another assignment of error it is insisted that it is not shown by the evidence that the advertisements or notices of the sale were posted within ten days after the car was repossessed, and does not show that it was sold in ten days after advertisement, as required by the Conditional Sales Law. One of the original notices of the sale was introduced in evidence and made an exhibit, and this notice is dated June 9, 1931, and the date of sale is fixed in the notice at 10 A. M. on June 19, 1931. The car was repossessed by replevin on June 2, 1931. An officer for appellee testified that the notice introduced was one of the original notices and that he dictated the same to the stenographer in the employ of appellee. There was no objection to this evidence; it was competent, and we think shows full compliance with the provisions of the Conditional Sales Law as to the time for posting the notices after possession is regained and the time for the sale.

We are of the opinion that there was no error in the judgment of the lower court; that the judgment is supported by a preponderance of the evidence. It follows that the assignments of error are overruled, and the judgment is affirmed. Judgment will be rendered here for the amount of the judgment below, with interest thereon in favor of Mahan-Kerr Motor Company and against appellants and sureties on the appeal bond, and for which execution may issue, including the costs of this appeal.

Heiskell and Owen, JJ., concur.